UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAGNETIC PRODUCTS, INC.,

                            Plaintiff,

                                             CIVIL CASE NO. 06-10443

v.

DENNIS TRESTAIN, et al.,                     HONORABLE PAUL V. GADOLA
                                             U.S. DISTRICT COURT
                            Defendants.
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR IMPROPER
VENUE**

Plaintiff Magnetic Products, Inc. ("MPI") filed its complaint on January 31, 2006, alleging

patent infringement and breach of a confidentiality agreement.  The Court declined to exercise

supplemental jurisdiction and dismissed Plaintiff's state law claim for breach of confidentiality

agreement without prejudice.  Contemporaneous with Plaintiff's complaint, Plaintiff also filed its

motion for preliminary injunction, in which it seeks to have the Court enjoin Defendant Dennis

Trestain from selling his products which allegedly infringe upon Plaintiff's recently granted United

States Patent, No. 6,988,611 ("the '611 patent").  Defendant filed a motion to dismiss for improper

venue, for a stay of Plaintiff's motion for preliminary injunction, and for sanctions.  A hearing on

Defendant's motion was held on April, 19, 2006.  For the following reasons, the Court will grant

Defendant's motion to dismiss.

I.      **Background**

MPI manufactures and sells various industrial products, including a pneumatically actuated

beltless conveyor, the subject of the '611 patent.  Unlike standard pneumatic conveyors that utilize

pneumatic engines with seals that must be replaced through regular maintenance that suspends

production, the invention covered by the '611 patent utilizes a seal-less pneumatic engine that eliminates the regular maintenance that normally plagues such devises.

Trestain is a former employee of MPI who voluntarily terminated his employment with MPI and began selling competing products under the name Dura-Glider Company. While employed by MPI, Trestain jointly developed the seal-less pneumatic conveyor with another MPI employee. MPI alleges that Trestain assigned his rights to the invention to MPI prior to his departure, and is now manufacturing and selling seal-less pneumatic conveyors that infringe upon MPI's '611 patent.

Trestain disputes this. He argues that he did not assign his rights to the invention and, to the contrary, he owns an earlier issued and dominant patent for a bellow-driven (also seal-less) pneumatic conveyor device, United States Patent No. 6,772,492 ("the '492 patent"). In fact, MPI's motion for a preliminary injunction relies on a comparison of the '492 patent to the '611 patent to establish MPI's claim of infringement.

This case is more complicated and contentious than MPI's motion leads the Court to believe. On December 21, 2001, MPI filed a lawsuit against Trestain in the Circuit Court for the County of Oakland covering the same events at issue in the case at bar. Judge Gene Schnelz, issued a temporary restraining order in that case, but declined to issue a preliminary injunction when it became apparent that the issues were not as manifest as MPI had related. In July 2004, MPI and Trestain agreed to submit the case to binding arbitration, with the Honorable Bryan H. Levy, a former state court judge, acting as the arbitrator. The arbitration is to settle all patent issues, including which party owns the bellows-driven pneumatic conveyor, but not any infringement claims. (MPI's breach of confidentiality claim was originally included among the claims bound over to arbitration, but the arbitrator dismissed the claim as not properly before him, because it was not

properly pleaded in the underlying state court action.)  The final proofs in the arbitration were

offered on March 9, 2006 and the record is now closed.  The parties must submit their proposed

findings of fact and conclusions of law and await the arbitrator's written decision.

Trestain argues that any decision on MPI's motion for a preliminary injunction would be

premature, given that it is the function of the arbitrator to decide who owns the inventions at issue.

Also, Trestain argues that MPI's case should be dismissed for improper venue.

## II.    Analysis

The Court need not consider MPI's motion for a preliminary injunction, as this action must

be dismissed for lack of venue.  Venue in patent infringement actions is governed by 28 U.S.C. §

1400(b): "Any civil action for patent infringement may be brought in the judicial district where the

defendant resides, or where the defendant has committed acts of infringement and has a regular and

established place of business."  Regarding § 1400(b) the Supreme Court has stated "The requirement

of venue is specific and unambiguous; it is not one of those vague principles which, in the interest

of some overriding policy, is to be given a 'liberal' construction."  *Schnell v. Peter Eckrich & Sons,*

*Inc.*, 365 U.S. 260, 264 (1961) (quoting *Olberding v. Illinois C. R. Co.*, 346 U.S. 338, 340 (1953)).

"For a corporate defendant, 'the district where the defendant resides' under § 1400(b) 'includes any

district where there would be personal jurisdiction over the corporate defendant at the time the

action is commenced.'  Thus, venue is commensurate with personal jurisdiction over a corporate

defendant."  *State Indus. v. Beckett Gas, Inc.*, 200 F.R.D. 392, 394 (M.D. Tenn. 2001) (quoting *VE*

*Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1575, 1583 (Fed. Cir. 1990)).  Here,

however, Trestain is not a corporation, but is, himself, doing business under the name Dura-Glider

Company.

Section 1400(b) provides only two possibilities in which venue is proper in a patent infringement case: 1) in the district where the defendant resides; or 2) where the defendant has committed acts of infringement and has a regular and established place of business. *See VE Holding*, 917 F.2d at 1577-78. With the latter possibility, the defendant must have both committed acts of infringement in the district and have a regular and established place of business in the district for venue to be proper. *See General Radio Co. v. Superior Electric Co.*, 293 F.2d 949, 951 (1st Cir. 1961); *Phillips v. Baker*, 121 F.2d 752, 755 (9th Cir. 1941); *A. O. Smith-Inland, Inc. v. Hoeganaes Corp.*, 407 F. Supp. 539, 540 (N.D. Ill. 1976). Furthermore, the "defendant must be 'regularly engaged in carrying on a substantial part of its ordinary business on a permanent basis in a physical location within the district over which it exercises some measure of control.'" *Kinetic Instruments, Inc. v. Lares*, 802 F. Supp. 976, 987 (S.D.N.Y. 1992) (citation omitted). Clearly, the business required of § 1400(b) "must be a permanent place of business . . . where the *same kind of business*, in kind, if not in degree, is carried on as is done at the home office or principal place of business of the person or company involved." *Winterbottom v. Casey*, 283 F. 518, 521 (E.D. Mich. 1922) (Tuttle, J.) (interpreting the phrase "regular and established place of business" as used by § 1440(b)'s predecessor statute, 28 U.S.C. § 109 (1940), which was held by *Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222, 227-28 (1957), to be identical in substance to § 1400(b)).

Neither possibility applies to Trestain. He does not reside in the Eastern District of Michigan, but in Charlotte, Michigan, which is in Eaton County, in the Western District. He does not have a regular and established place of business in the Eastern District, as he operates his business out of his home. Trestain does rely on two independent distributors that are located in the

4

Eastern District, but they are insufficient to constitute a regular and established place of businesss for the purposes of § 1400(b). *See Knapp-Monarch Co. v. Casco Prods. Corp.*, 342 F.2d 622, 625 (7th Cir. 1965) (citing W. *S. Tyler Co. v. Ludlow-Saylor Wire Co.*, 236 U.S. 723 (1915) and *General Radio Co. v. Superior Electric Co.*, 293 F.2d 949 (1st Cir. 1961)).

MPI requests that the Court transfer the action to the Western District, rather than dismiss it. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In making this decision, however, the Court must determine (1) whether the action could have been brought in the proposed transferee district, (2) whether a transfer would promote the interests of justice, and (3) whether a transfer would serve the parties' and witnesses' convenience. *United States v. P.J. Dick Inc.*, 79 F. Supp. 2d 803, 806 (E.D. Mich. 2000) (Gadola J.). The moving party bears the burden of demonstrating that, in light of these factors, "fairness and practicality strongly favor the forum to which transfer is sought." *Thomas v. Home Depot U.S.A., Inc.*, 131 F. Supp. 2d 934, 936 (E.D. Mich. 2001) (quoting *Rowe v. Chrysler Corp.*, 520 F. Supp. 15, 16 (E.D. Mich. 1981)). MPI has not met this burden. Furthermore, given that the arbitrator's pending decision has the potential to significantly alter the standing of the parties and their claims, fairness and practicality favor dismissal over transfer.

## III.    Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendant's motion to dismiss [docket entry 9] is **GRANTED**, and this action is **DISMISSED** for improper venue.

**SO ORDERED.**

Dated:  __April 24, 2006__                         s/Paul V. Gadola
                                                   HONORABLE PAUL V. GADOLA

UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   April 25, 2006   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
   Mark R. Fox; Toni L. Harris; Richard W. Hoffmann; Christopher E. LeVasseur     , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: _____ .


                                        s/Ruth A. Brissaud_____
                                        Ruth A. Brissaud, Case Manager
                                        (810) 341-7845

---